### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**VINCENT J. NAIMOLI, individually and on behalf of all other persons similarly situated,**

    **Plaintiff,**

**v.**                         **Case No.  8:05-cv-1879-T-30MAP**

**ADMINISTRATIVE COMMITTEE OF THE ANCHOR GLASS CONTAINER CORPORATION SERVICE RETIREMENT PLAN, et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants John Ghaznavi, M. William Lightner, David T. Gutowski, Mark Karrenbauer, Jeffrey C. Gulbranson, Harold Greathouse and Roger Erb's Motion to Dismiss Complaint (Dkt. 16) and Plaintiff's Response in opposition thereto (Dkt. 23).  In Defendants' Motion to Dismiss, they cite four bases for dismissal: (1) Plaintiff cannot simultaneously proceed with his appeal of the Bankruptcy Court case and the instant case; (2) Defendants' actions in connection with the merger did not violate ERISA; (3) Plaintiff's claims are barred because Defendants were not acting as fiduciaries with respect to the merger decision; and (4) Plaintiff's claims are barred by the

Statute of limitations. However, this Court previously ruled on all issues except the statute of limitations.[1]

Pursuant to 29 U.S.C. § 1113(1), ERISA § 413(1), an action for breach of fiduciary duty must be brought "six years after [] the date of the last action which constituted the breach or violation." 29 U.S.C. §1113(1). Defendants argue that because the alleged breach occurred December 31, 1998, Plaintiff's claims are barred because he did not file the instant action until October 7, 2005, nine months and eight days after the limitations period ended. Plaintiff argues that he filed suit with the Bankruptcy Court on December 30, 2003 and thereby tolled the limitations period. In response, Defendants argue that because the timely filed suit in the Bankruptcy Court was dismissed, the filing of the instant claims does not relate back for purposes of tolling the statute of limitations. This Court disagrees.

In light of this Court recent reversal and remand of the Bankruptcy Court's decision and the consolidation of the instant case with the bankruptcy appeal, this Court finds that Plaintiff's complaint, filed on December 30, 2003, was timely filed. As such, it is hereby

ORDERED AND ADJUDGED that:

1. Defendants John Ghaznavi, M. William Lightner, David T. Gutowski, Mark Karrenbauer, Jeffrey C. Gulbranson, Harold Greathouse and Roger Erb's Motion to Dismiss Complaint (Dkt. 16) is **DENIED**.

---

[1] During the hearing in case number 8:05-cv-2304-JSM-TBM, Defendants' counsel made arguments regarding points (1)-(3) as a basis for why the Bankruptcy Court's decision to dismiss Plaintiff's Complaint was proper. This Court rejected these arguments during that hearing and similarly rejects them here.

2.      Defendants are hereby ordered to file an Answer to Plaintiff's Complaint within **twenty (20) days** of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 27, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1879 Motion to Dismiss.frm